```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                  )
McCARTHY S. LARNGAR,              )
        Petitioner,               )
                                  )
    v.)                             C.A. No. 17-300 WES
                                  )
ASHBEL T. WALL,                   )
        Respondent.               )
_____)

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief District Judge.

Petitioner McCarthy S. Larngar has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1). The State has filed a Motion To Dismiss the Petition (ECF No. 7), to which Larngar filed a Response (ECF No. 9) and a Supplemental Memorandum, or Clarification (ECF No. 12). The Court has determined that no hearing is necessary. For the reasons that follow, the Motion To Dismiss is GRANTED (ECF No. 7) and the Petition (ECF No. 1) is DENIED and DISMISSED.

I.  Background[1] and Travel

On October 3, 1997, following a jury trial, Larngar was found guilty of assault with a dangerous weapon and carrying a pistol

---

[1] A summary of the facts leading to Larngar's conviction can be found in the Rhode Island Supreme Court's 2007 decision affirming the denial of post-conviction relief. See Larngar v. Wall, 918 A.2d 850, 853-54 (R.I. 2007).

without a license. After the trial judge denied Larngar's motion for new trial, Larngar was sentenced to a term of twenty years imprisonment, with twelve years to serve and eight years suspended with probation, for the assault with a dangerous weapon charge and a concurrent term of ten years imprisonment, with five to serve and five suspended with probation, for the carrying a pistol without a license charge. A notice of appeal was filed, but the appeal was not perfected.

Larngar filed an application for post-conviction relief, alleging ineffective assistance of counsel in the trial court on May 3, 2002. The application was denied after a hearing, and the Rhode Island Supreme Court subsequently affirmed the denial of post-conviction relief. See generally Larngar v. Wall, 918 A.2d 850 (R.I. 2007).

In 2011, Larngar was presented as a probation violator. After a hearing on July 5, 2012, Larngar was determined to be a violator and ordered to serve the eight years of his sentence that had been suspended at the original sentencing. On April 20, 2015, a motion to reduce sentence was heard and denied. Larngar then filed a motion for immediate release and/or to set bail on the charges that led to the violation. Following a hearing on December 14, 2016, the motion was denied. Larngar filed a notice of appeal, a petition for a writ of habeas corpus, and a petition for a writ of

2

certiorari in the Rhode Island Supreme Court.[2] That court denied both petitions by order dated May 15, 2017.

On June 13, 2017, Larngar timely filed the instant Petition.[3]

II. Discussion

In his single ground for review, Larngar claims that his rights to due process and equal protection under the Fourteenth Amendment are being violated. (Pet. 5.) He alleges: "Notion to Terminate Sentence of Imprisonment pursuant to remedial statute of R.I.G.L. § 12-19-18(b)(1-5)[4] [was] erroneously denied. All

---

[2] Larngar states that a direct appeal was "not sufficient." (Pet. 5.)

[3] The Petition dated June 13, 2017 is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

[4] Section 12-19-18 provides in relevant part that:

(b) Whenever any person, after an evidentiary hearing, has been sentenced to imprisonment for violation of a suspended sentence or probationary period by reason of the alleged commission of a felony or misdemeanor said sentence of imprisonment shall, on a motion made to the court on behalf of the person so sentenced, be quashed, and imprisonment shall be terminated when any of the following occur on the charge which was specifically alleged to have constituted the violation:

> (1) After trial person is found "not guilty" or a motion for judgment of acquittal or to dismiss is made and granted pursuant to Superior or District Court Rule of Criminal Procedure 29;
>
> (2) After hearing evidence, a "no true bill" is returned by the grand jury;

3

prerequisites for release were met[5] as a 'No Information' was signed and filed by the Attorney General of Rhode Island (docketed as)."

---

> (3) After consideration by an assistant or special assistant designated by the attorney general, a "no information" based upon a lack of probable cause is returned;
>
> (4) A motion to dismiss is made and granted pursuant to the Rhode Island general laws § 12-12-1.7 and/or Superior Court Rule of Criminal Procedure 9.1; or
>
> (5) The charge fails to proceed in District or Superior Court under circumstances where the state is indicating a lack of probable cause, or circumstances where the state or its agents believe there is doubt about the culpability of the accused.

R.I. Gen. Laws § 12-19-18(b).

[5] The Rhode Island Supreme Court has identified three events that trigger application of § 12-19-18(b): "(1) there is an evidentiary hearing; (2) a defendant is declared a violator and is sentenced to imprisonment for violation of a suspended sentence or probationary period; and (3) the subsequent occurrence of one of the five events specified in subsection (b)(1)-(5) of § 12-19-18." State v. Beaudoin, 137 A.3d 717, 723 (R.I. 2016) (internal citation and quotation marks omitted). There is no dispute that two of the three triggering events occurred here. An evidentiary hearing was held on July 5, 2012, (Pet. Ex. 8, at 1), after which the trial justice found Larngar to be a violator and sentenced him to serve the remaining eight-year suspended sentence, (id. Ex. 9, at 35-36, 39). What is disputed is whether the document subsequently filed by the State, a determination that the case was "non-prosecutable" due to "lack of victim cooperation and not for lack of probable cause," (id. Ex. 1, at 33), falls within the five enumerated provisions of § 12-19-18(b).

The Court notes that Larngar did not number the exhibits to the instant Petition (several of which are state filings with their

(Id.) The State moves to dismiss the Petition "because the petition raises only a state-law question that does not implicate the federal constitution." (Mot. To Dismiss 1.) The Court agrees.

Section 2254 provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Although Larngar frames his claim as a "Fourteenth Amendment Violation of Due Process and Equal Protection of the Law," (Pet. 5), it is clear from his phrasing, arguments, and exhibits that his claim is based on the allegedly erroneous interpretation and/or application of § 12-19-18 by the Superior Court to the facts of his case, (id.) (arguing that his "Motion to Terminate Sentence of Imprisonment" pursuant to § 12-19-18(b)(1)-(5) was "erroneously denied").

---

own attached exhibits). The Court has done so based on the ECF numbering and pagination.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-68; see also Bradshaw v Richey, 546 U.S. 74, 76 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." (citing Estelle, 502 U.S. at 67-68)); Lewis v. Jeffers, 497 U.S. 764, 780-81 (1990) ("[W]e have never required federal courts to peer majestically over the [state] court's shoulder so that [they] might second-guess its interpretation of facts that quite reasonably—perhaps even quite plainly—fit within the statutory language.") (alterations in original) (internal quotation marks omitted).

"Because federal habeas corpus relief does not lie for errors of state law," Lewis, 497 U.S. at 780, absent an independent constitutional violation, a federal habeas court's review of a state court's application of a statutory provision "is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process . . . violation," id. In Lewis, the Supreme Court stated that the "appropriate standard of review is the 'rational factfinder' standard established in Jackson v. Virginia," id. at 781 (internal citation omitted), for determining sufficiency of the evidence to support a conviction: "whether, after viewing the evidence in the

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Jackson, 443 U.S. 307, 319 (1979). See also Lewis, 497 U.S. at 781 (quoting Jackson, 443 U.S. at 319).

To be sure, in his Response to the Motion To Dismiss, Larngar asserts that his continued imprisonment because of the allegedly erroneous and arbitrary denial of his § 12-19-18(b) motion violates due process. (Resp. 1-2, 7, 15); (see also id. at 18) ("[T]his petitioner was arbitrarily denied due process of law in the State court proceeding."). He also cites the proper standard for habeas review of a federal statutory or constitutional claim. (Id. at 18 (citing 28 U.S.C. § 2254(d))). The problem with Larngar's argument is that he does not raise a federal statutory or constitutional claim. Nor does he challenge the constitutionality of § 12-19-18(b). Instead, he simply seeks proper (in his view) application of the statute by the Superior Court and release from imprisonment. (Pet. 5 (stating that "[a]ll prerequisites for release were met")); (Resp. 15 (arguing that the Superior Court's "interpretation and application" of § 12-19-18 "is a wholly arbitrary deprivation of this petitioner's constitutionally guaranteed liberty")). The December 14, 2016 hearing on Larngar's motion to quash his sentence makes the contours of his claim clear. (Pet. Ex. 7 at 5-10.) Therefore, even if the Court accepts Larngar's argument that the

7

Superior Court's determination that § 12-19-18(b) was inapplicable to his case deprived him of due process, that argument, "as it is a matter of state law, is reviewable by the federal courts only under the 'rational factfinder' rule of Jackson v. Virginia." Lewis, 497 U.S. at 783; see also id. (noting that state court's finding is arbitrary and capricious "if and only if no reasonable [factfinder] could have so concluded").

Larngar has not made that showing. Accordingly, because Larngar's Petition raises a question of the proper application of state law, not a federal statutory or constitutional violation, the Motion To Dismiss must be granted and the Petition denied and dismissed.[6]

III. Conclusion

Based on the foregoing, the Motion To Dismiss (ECF No. 7) is GRANTED and the Petition (ECF No. 1) is DENIED and DISMISSED.

---

[6] The Court does not address Larngar's specific arguments because to do so would exceed the parameters of federal habeas review. See Estelle, 502 U.S. at 67 (stating, with reference to Court of Appeals' conclusion that prior injury evidence was incorrectly admitted under California law, that "[s]uch an inquiry, however, is no part of a federal court's habeas review of a state conviction"); Lewis, 497 U.S. at 779 (noting that Ninth Circuit "erred in conducting a de novo, case-by-case comparison of the facts of [prior] cases with the facts of the instant case"); id. at 780 ("[R]espect for a state court's findings of fact and application of its own law counsels against the sort of de novo review undertaken by the Court of Appeals in this case.").

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA) because Larngar has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Larngar is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> Rule 11(a), Rules Governing Section 2254 Proceedings.

IT IS SO ORDERED.

_/s/ William E. Smith_
William E. Smith
Chief Judge
Date: March 29, 2018